UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

№ 22-CV-7385 (RER)

————————————

Yonette P. Babb,

versus

Carolyn W. Colvin, et al.

————————

**MEMORANDUM & ORDER**

April 19, 2024

————————

**RAMÓN E. REYES, JR., U.S.D.J.:**

Plaintiff Yonette Babb ("Plaintiff" or "Claimant"), proceeding pro se, commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) challenging the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her application.[1] (ECF No. 1 ("Compl.")). Before the Court is Defendant's Motion to Dismiss the Complaint for failure to state a claim upon which this Court can grant relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6 ("Def.'s Mot.")). For the reasons set forth herein, Defendant's Motion is granted.

---

[1] Plaintiff named Carolyn W. Colvin, Loretta E. Lynch, and Jason P. Peck as defendants, but the sole basis of her complaint is challenge the decision made by the Commissioner of Social Security's denial of her application for disability insurance benefits, and so her case is construed as being brought against the Commissioner alone, rather than the other named defendants.

1

## **BACKGROUND**

Plaintiff resides in Brooklyn, New York. (Compl. at 2). To the best of this Court's knowledge, Plaintiff was substantially and gainfully employed as a daycare worker from 2010 until 2014, when her work reduced such that she was no longer at gainful activity levels. (ECF No. 6-2 at 14). On January 14, 2011, Plaintiff filed for disability insurance benefits, alleging that her disability began November 17, 2010. (*Id.* at 23). Plaintiff claimed that she suffered from seizure disorder, nerve sheath "tumor/mass/schwannoma of the cervical spine," degenerative disc disease, headaches, heart murmur, "venous insufficiency status post stroke on the left side," and adjustment disorder. (*Id*. at 15). Defendant denied Plaintiff's application on March 1, 2011. (*Id.* at 22).

Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Initially, the Social Security Administration ("SSA") denied Plaintiff's hearing request, which Plaintiff appealed to the Appeals Council, and subsequently to the District Court. (*Id.* at 5). On July 1, 2013, Chief Judge Margo K. Brodie dismissed the case for further administrative proceedings pursuant to the Settlement Agreement in *Padro v. Astrue*, No. 11-CV-1788 (CBA) (RLM), 2013 WL 5719076 (E.D.N.Y. Oct. 18, 2013). (ECF. No. 6-2 at 22). On July 14, 2014, the Appeals Council remanded this case to an ALJ pursuant to Judge Brodie's Order. (*Id.* at 5).

Plaintiff and her attorney, Stephen Jackel, appeared before ALJ Miriam Shire on April 14, 2015. (*Id.* at 11). ALJ Shire issued her decision on July 27, 2015, finding that Plaintiff had the capacity to work consistently from the alleged date of onset through the date of the decision. (*Id.* at 13–20). The SSA mailed the notice of decision and reasoning

separately to both Plaintiff and her attorney. (*Id.* at 8–10). The notice of the decision contained the following language:

> After my decision becomes final, you will have 60 days to file a new civil action in Federal District Court. You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final. However, you can ask the Appeals Council to give you more time to file a civil action. The Appeals Council will grant your request for more time only if you can show a good reason for needing more time.

(*Id.* at 9). Plaintiff alleges that she never received the decision, nor had any contact from Mr. Jackel that indicated the ALJ issued an unfavorable decision. (Compl. at 5). Specifically, Plaintiff alleges that she was first notified of the ALJ's adverse decision when Mr. Jackel's office contacted her on November 1, 2022. (*Id.*).

To support the notion of late receipt, Plaintiff submitted a letter from Mr. Jackel that notified her of the unfavorable decision. (ECF No. 7 ("Pl.'s Opp.") at 13). The letter is dated August 10, 2015, but Plaintiff alleges that she received it on November 1, 2022. (Compl. at 5). The letter states:

> I have reviewed the July 27, 2015 decision of Administrative Law Judge Shire denying your claim for Social Security Disability and Supplemental Security Income benefits and unfortunately I cannot continue to represent you with regard to this case. In my view, your work history makes it very unlikely that we can prevail at the Appeals Council. If you still want to continue with this case, please note that you must file an appeal with the Social Security Appeals Council within sixty (60) days of the judge's decision – that is, no later than September 27, 2015.

(*Id.* at 13). Plaintiff submitted an image of her email inbox to support her allegations of late receipt, which demonstrates that she received an email titled "Decision" from Mr. Jackel's office on November 29, 2022. (Pl.'s Opp. at 14).

Plaintiff signed her Complaint on November 28, 2022.[2] (Compl. at 6). The following day, Plaintiff filed her Complaint with the pro se office, more than seven years past the date the appeal was due. (*Id*. at 1). In it, Plaintiff argues that she did not receive notice of the unfavorable decision and seeks to toll the deadline and continue with her appeal. (*Id.* at 6). On February 22, 2023, Defendant moved to dismiss, arguing that the Complaint is untimely and that there is no basis to toll the deadline. (ECF No. 6-1 ("Def.'s Mem.") at 2). On March 24, 2023, Plaintiff filed her opposition to Defendant's Motion. (Pl.'s Opp.).

## STANDARD OF REVIEW

"A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a 12(b)(6) motion." *Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011) (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)). Where, as here, the Commissioner challenges a complaint as untimely, the Commissioner's motion to dismiss is appropriately asserted pursuant to Rule 12(b)(6) because the statute of limitations is "not jurisdictional." *Johnson v. Astrue*, No. 12-CV-2736 (SLT) (SMG), 2014 WL 2624904, at *1 (E.D.N.Y. June 12, 2014) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478 (1986)).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

---

[2] Plaintiff's image of her email inbox indicates that she received the decision from Mr. Jackel's office on November 29, 2022. (Pl.'s Opp. at 14). This is inconsistent with her statement that she received contact from the office on November 1, 2022, (Compl. at 5) and her signing the Complaint on November 28, 2022, (*Id.* at 6).

4

550 U.S. 544, 570 (2007)). While this standard requires more than a "sheer possibility" of liability, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, the court must determine whether the complaint itself is legally sufficient. *Id.* Moreover, where a plaintiff is proceeding pro se, her pleadings "must be construed liberally and asserted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). The Court "must accept all factual allegations in the complaint as true and draw all inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).

## **DISCUSSION**

Plaintiff asserts that she appealed from the denial of social security disability benefits beyond the sixty-day deadline because she failed to receive the direct notice of the ALJ's decision or notice from her attorney. (Compl. at 5). Defendant argues that Plaintiff has failed to demonstrate either extraordinary circumstances that warrant tolling or that she diligently pursued her rights during those seven years. (Def.'s Mem. at 5–6). For the reasons stated below, the Court finds Plaintiff's Complaint to be untimely and that there is no basis to toll the deadline because Plaintiff fails to demonstrate

extraordinary circumstances or that she diligently pursued her rights in the seven years between the ALJ's decision and filing the Complaint.

I. <u>Plaintiff Filed the Complaint Beyond the Statute of Limitations</u>

Though the sixty-day time period set forth in 42 U.S.C. § 405(g) is not jurisdictional, it is a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Because the sixty-day statute of limitations "is a condition on the waiver of [the United States'] sovereign immunity," it must be strictly construed. *Id.* at 479. Thus, courts routinely dismiss pro se plaintiffs' Social Security Appeals, even when they are filed only a few days past the sixty-day filing deadline. *See Monet v. Comm'r of Soc. Sec.*, No. 18-CV-3757 (WFK), 2021 WL 9583524, at *2 (E.D.N.Y. July 12, 2021) (nine days late); *Twumwaa v. Colvin*, No. 13 Civ. 5858 (AT) (JLC), 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (seven days late); *Smith v. Comm'r of Soc. Sec.*, No. 08-CV-1547 (NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (four days late).

Here, the Complaint is untimely. ALJ Shire rendered her decision on July 27, 2015, and mailed it directly to Plaintiff. (ECF No. 6-2 at 8). Plaintiff had until September 25, 2015, to file an appeal with the Appeals Council, and until November 24, 2015, to file an appeal with this Court. *See* 42 U.S.C. § 405(g). But Plaintiff failed to file with this Court until November 29, 2022, more than seven years after the deadline. (Compl. at 1). Therefore, Plaintiff's Complaint is time-barred.

II. <u>Plaintiff's Claims Are Not Saved by Equitable Tolling</u>

Because Plaintiff's claims are beyond the statute of limitations, the question becomes whether Plaintiff has satisfied her burden to demonstrate that equitable tolling is warranted. *See Bowen*, 476 U.S. at 479-80; *Boos v. Runyon*, 201 F.3d 178, 185 (2d

Cir. 2000) ("The burden of demonstrating the appropriateness of equitable tolling, however, lies with the plaintiff."). In Social Security appeals, a late-filing plaintiff seeking to equitably toll the statute of limitations must prove two elements. *See Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). First, the plaintiff must show that "some extraordinary circumstance stood in his way" from making a timely filing. *Id.* This suggests that there must be a causal connection between the extraordinary circumstances and the plaintiff's failure to file on time. *Little v. Comm'r of Soc. Sec.*, No. 20 Civ. 5431 (JPC) (RWL), 2021 WL 5910642, at *2 (S.D.N.Y. Aug. 2, 2021) *adopted by* 2021 WL 5233563 (Nov. 10, 2021) (citing *Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000)). Second, that she "has been pursuing [her] rights diligently" during this delay. *Torres,* 417 F.3d at 279.

### A. Plaintiff Has Not Established Extraordinary Circumstances

Plaintiff makes two arguments that extraordinary circumstances exist: (1) that she failed to receive notice of ALJ Shire's decision from the SSA or her attorney; (2) that her attorney caused her to file late.

#### 1. Plaintiff Fails to Rebut the Presumptive Receipt of the Notice of Decision Within Five Days

Throughout its regulations, the SSA maintains a rebuttable presumption that a claimant receives notice of a decision within five-days of mailing. *See* 20 C.F.R. §§ 404.901, 416.1401. To rebut this presumption successfully, a plaintiff must provide affirmative evidence that she received notice more than five days after the date of notice. *See Halstead v. Comm'r of Soc. Sec.*, No. 17 Civ. 9713 (JLC), 2019 WL 5579517, at *3–4 (S.D.N.Y. Oct. 30, 2019). Affirmative evidence must be more than a bare assertion that a plaintiff did not receive the notice within five days. *See Marte v. Apfel*, No. 96 Civ. 9024

7

(LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998); *compare Rodriguez v. Comm'r of Soc. Sec.*, No. 16 Civ. 2076 (LGS) (BCM), 2017 WL 6379618, at *3 (S.D.N.Y. Nov. 16, 2017) (finding a pro se plaintiff's complaint insufficiently alleged late receipt without "evidentiary support") with *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (a plaintiff successfully rebutted the five-day presumption with evidence that defendant mailed notice later).

Here, Plaintiff claims that she "did not receive nor was [she] notified of Administrative Law Judge Miriam L. Shire's decision . . . in a timely manner . . . ." (Pl.'s Opp. at 1). However, Plaintiff does not submit any evidence beyond this bald assertion. *See Halstead*, 2019 WL 5570517, at *4. Even construing the facts in Plaintiff's favor, no evidence in the record demonstrates that the SSA failed to uphold their duty to notify Plaintiff. *See Jaghory*, 131 F.3d at 329. The SSA properly addressed the notice to Plaintiff's P.O. Box, along with a copy to Mr. Jackel's office. (ECF. No. 6-2 at 8). Plaintiff's documentation also shows that Mr. Jackel received and reviewed the decision by August 10, 2015, when he sent the letter terminating representation. (Pl.'s Opp. a 13). Though Plaintiff asserts that Mr. Jackel failed to notify her of the decision, the SSA's mailing of the decision directly to Plaintiff put her on sufficient notice of the deadline to appeal. Therefore, there is no evidence that the SSA failed to timely mail the notice, and Plaintiff's asserted lack-of-notice does not constitute extreme circumstances.

2. <u>Plaintiff Fails to Demonstrate that Attorney Error Proximately Caused Her Untimely Filing</u>

Attorney misconduct may rise to the level of extraordinary circumstances warranting equitable tolling when such conduct is "sufficiently egregious." *Guzman v. Comm'r of Soc. Sec.*, No. 18 Civ. 10232 (PAE) (KHP), 2019 WL 3346408, at *3 (S.D.N.Y.

Apr. 29, 2019), *adopted sub nom. Guzman v. Berryhill*, 2019 WL 3337969 (July 25, 2019). Attorney misconduct rises to the level of extraordinary circumstances when the plaintiff relies on the attorney's false information and, but for that information, would have timely submitted their appeal. S*ee Torres*, 417 F.3d at 280 (tolling statute of limitations when, on eve of timely filing a pro se complaint, plaintiff was contacted by attorney who assured that they would timely file complaint but in fact filed it late); *Zapata v. Colvin*, No. 13-CV-01875 (HBF), 2014 WL 12825147, at *4–5 (D. Conn. Sept. 18, 2014) *adopted by* 2016 WL 777893 (Feb. 29, 2016) (finding extraordinary circumstances when plaintiff's counsel failed to file the complaint and misrepresented that they had, but denying equitable tolling because plaintiff had not diligently pursued his claim). However, equitable tolling does not extend to "what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

      Here, even construing facts in Plaintiff's favor, it is unclear when Plaintiff received notice that Mr. Jackel terminated his representation of her. The letter terminating representation is dated August 10, 2015, but Plaintiff contends she did not receive the letter until 2022. (Pl.'s Opp. at 13). Accepting Plaintiff's timeline as true, she fails to demonstrate that Mr. Jackel made some representation that he would handle her case beyond the hearing before the ALJ and that she relied on the same. *See Torres*, 417 F.3d at 280 (the plaintiff's reliance on the attorney was reasonable when the attorney stated he would help plaintiff both orally and in writing). Further, Plaintiff proceeded through the SSA's appeals process for her claims once, ultimately reaching the District Court. (ECF No. 6-2 at 22). It was only after Judge Brodie remanded her case that Plaintiff retained Mr. Jackel. (*Id.*). Plaintiff was therefore fully aware of the SSA's timeline by the time she

pursued a second appeal. Plaintiff's familiarity with the appeals process makes any reliance on Mr. Jackel to pursue her claims during the intervening seven years unreasonable. Had Plaintiff put forth some evidence that she reasonably relied on Mr. Jackel to continue with her appeal, his conduct may have been so "substantially egregious" to rise to extreme circumstances. *See Guzman*, 2019 WL 3346408, at *3. But, considering the evidence before the Court, Mr. Jackel's conduct did not rise above "garden variety" misconduct, if even considered to be that. *See id.* Accordingly, Plaintiff has not demonstrated that there are extraordinary circumstances that warrant equitable tolling.

  B. <u>Plaintiff Failed to Diligently Pursue Her Appeal</u>

A plaintiff seeking equitable tolling of the statute of limitations need only show "reasonable diligence, not maximum feasible extraordinary diligence" throughout the period she seeks to toll. *Harper v. Ercole*, 648 F.3d 132, 138 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)). When considering a plaintiff's reasonableness, the court must inquire into whether the plaintiff acted as diligently as might be reasonably expected under the circumstances. *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003). Courts have determined that a pro se Social Security plaintiff pursues their rights diligently when they take affirmative steps in preparing to file their complaint but are confused or deterred from doing so. *See, e.g.*, *Nixon v. Comm'r of Soc. Sec.*, No. 19-CV-1614 (LDH), 2020 WL 5097174, at *4 (E.D.N.Y. Aug. 18, 2020) (plaintiff not diligent because she was aware of the timeline and failed to file); *Torres*, 417 F.3d at 279 (finding the pro se plaintiff was diligent because he was on the verge of timely filing his complaint, but retained a lawyer who falsely assured plaintiff of timely filing);

*Guzman*, 2019 WL 3346408, at *9 (finding a plaintiff must assert more than cursory claims as to why they could not timely file).

Here, Plaintiff did not diligently pursue her rights leading up to the filing of the Complaint. Plaintiff, by her own account, waited "years, decades in fact," to hear back from her counsel, but submitted no evidence that she contacted her counsel, the SSA, or this Court. (Compl. at 3). Indeed, the evidence Plaintiff submitted displays only two email communications from Mr. Jackel's office, the first in 2015 and the second in 2022, but none from the Plaintiff inquiring about the status of her case. (Pl.'s Opp. at 14). Accordingly, Plaintiff fails to demonstrate that she pursued her appeal pro se or that she reasonably relied on Mr. Jackel to appeal the decision. *See Torres*, 417 F.3d at 279. Further, no case law or statute suggests that a plaintiff who waits more than a few days, much less seven years, can be diligent in their pursuit. *See Nixon*, 2020 WL 5097174, at *4 (four days). Though Plaintiff claims Mr. Jackel did not notify her of the unfavorable decision, the SSA sent direct notice of the decision, which included the required statutory language and informed her of the sixty-day deadline. (ECF. No. 6-2 at 13). Thus, these claims do not rise above mere cursory statements. *See Guzman*, 2019 WL 3346408, at *9. Therefore, Plaintiff's failure to pursue her rights diligently precludes equitable tolling of the sixty-day timeline, and Plaintiff's Complaint is untimely.

## **CONCLUSION**

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss. This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purposes of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The

11

Clerk of the Court is respectfully directed to serve a copy of this Memorandum and Order on Plaintiff by mail, note service on the docket, and thereafter terminate this action.

SO ORDERED.

Hon. Ramón E. Reyes, Jr. Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.04.19 19:32:17 -04'00'

RAMÓN E. REYES, JR.
United States District Judge

Dated: April 19, 2024
Brooklyn, NY